**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

GURDEEP SINGH,                          )
                                        )
      Petitioner,                       )
                                        )
vs.                                     )    Case No. CIV-26-600-R
                                        )
FRED FIGUEROA, et al.,                  )
                                        )
      Respondents.                      )

## ORDER

Petitioner is a noncitizen that entered the United States in late 2022. Petitioner was placed into removal proceedings, charged as subject to removal under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I), and was released from detention. Approximately three years later, Petitioner was detained by Immigration and Customs Enforcement.

Now before the Court is Petitioner's Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief [Doc. No. 1] pursuant to 28 U.S.C. § 2241 contending that he is being held in violation of the Immigration and Naturalization Act, 8 U.S.C. § 1101 et seq., and the Due Process Clause of Fifth Amendment. As relief, he seeks immediate release from custody or, in the alternative, a bond hearing. Respondents filed a response in opposition [Doc. No. 8] and Petitioner replied [Doc. No. 11].

Petitioner argues that he is being unlawfully detained pursuant 8 U.S.C. § 1225(b)(2)(A), which requires mandatory detention, as opposed to 8 U.S.C. § 1226(a), which generally provides for a bond hearing. As Respondents acknowledge, this Court has previously determined that § 1226(a) governs the detention of noncitizens, like Petitioner,

1

that were apprehended within the United States after entering the country without admission or inspection. *See Valdez v. Holt,* Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026); *Salomov v. Noem*, No. CIV-26-143-R, 2026 WL 607446, at *1 (W.D. Okla. Mar. 4, 2026).[1] Consistent with these prior decisions, the Court finds that Petitioner is subject to detention under § 1226(a), not § 1225(b)(2).

Because § 1226(a) governs Petitioner's detention, Petitioner is entitled to the custody procedures provided by that statute, including an individualized bond hearing. *See Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *2 (W.D. Okla. Apr. 20, 2026) ("Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing.")

The Petition is therefore GRANTED in part and Respondents are directed to provide Petitioner with a prompt, individualized bond hearing under 8 U.S.C. § 1226(a).[2] Because the Court grants relief on statutory grounds, it declines to reach Petitioner's due process claim.

---

[1] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025) and the Second Circuit in *Cunha v. Freden,* No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). The Court acknowledges the contrary decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

[2] Petitioner requests that the government bear the burden of proof at any bond hearing. "At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework." *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026). Although Petitioner is entitled to a bond hearing under § 1226(a), "the Court declines to specify or alter the burden of proof at this stage." *Gutierrez v. Garcia*, No. 2:25-CV-001145-WJ-KRS, 2026 WL 310064, at *6 n.3 (D.N.M. Feb. 5, 2026).

IT IS SO ORDERED this 30th day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE